■ FRANK BLESI et al., Appellants, v ROBERT W. ANDRUZZI et al., Respondents.—In consolidated actions to recover damages and for injunctive relief arising from the alleged illegal operation of a junk yard, the plaintiffs appeal from so much of an order of the Supreme Court, Nassau County (Burstein, J.), dated December 4, 1989, as denied, in part, that branch of their motion which was for leave to serve an amended complaint asserting causes of action based upon General Municipal Law § 136, by permitting only the assertion of a cause of action based upon General Municipal Law § 136 (14).

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

By its clear and express terms, all of General Municipal Law § 136, with the exception of subdivision (14) thereof,

concerning the regulation of automobile junk yards is inapplicable "to any municipality which has any ordinance or local law or regulation to license or regulate junk yards" (General Municipal Law § 136 [12]). Only General Municipal Law § 136 (14) regarding the operation of junk yards within 500 feet of churches, schools, hospitals, public buildings or places of public assembly is applicable to municipalities whether or not they have enacted junk yard ordinances of their own (see, General Municipal Law § 136 [14]). Since the defendant Town of Oyster Bay has clearly enacted its own legislation governing the licensing and regulation of junk yards (see, Oyster Bay Code ch 14; see, Town Law § 136), General Municipal Law § 136, with the exception of subdivision (14) thereof, is inapplicable to the plaintiffs in the instant action.

The plaintiffs' assertion that General Municipal Law § 136 has been incorporated by reference into the Oyster Bay Code is without merit. Oyster Bay Code § 14-9 purports to incorporate "all other statutes now existing or which may hereafter be enacted *affecting* [junk yard] business[es] or the conduct thereof" (emphasis added). By its own terms, General Municipal Law § 136 "shall not be construed to affect * * * zoning ordinances or local laws or any other ordinances * * * for the control of junk yards now in effect or hereafter enacted in any municipality * * * and shall not be deemed to apply to any municipality which has any ordinance or local law or regulation to license or regulate junk yards" (General Municipal Law § 136 [12]).

Therefore, again save for its subdivision (14), General Municipal Law § 136 is not a statute "affecting" junk yards within the jurisdiction of the Town of Oyster Bay. Kunzeman, J. P., Balletta, Miller and O'Brien, JJ., concur.